# Kansas City, Memphis & Birmingham Railroad Co. *v.* Higdon.

## Action for Damages by Passenger, for Lost Dog.

1. *Error without injury in rulings on pleadings.*—The sustaining of a demurrer to a special plea, if erroneous, is not ground of reversal, when the record shows that the defendant had the benefit of the same defense under the issue joined on other pleas.

2. *Liability of railroad company for passenger's dog.*—A passenger on a railroad train, taking his dog with him on a hunt, and being required by the conductor to put him in the baggage-car, may maintain an action against the railroad company for the loss of the dog, which the baggage-master refused to deliver at his destination without the payment of a small fee, and which was then carried on and lost; and a rule of the railroad company in reference to the carrying of dogs, requiring that they be placed in the baggage-car, and allowing the baggage-master a small charge for his care, is no defense to the action, when it is not shown that the passenger had knowledge or notice of it.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.

This action was brought by E. L. Higdon against the appellant corporation, to recover damages for the loss of his hunting dog, which he took with him going from Birmingham to Elliott, stations on defendant's road, for the purpose of hunt-

[Kansas City, Memphis & Birmingham Railroad Co. v. Higdon.]

ing, and was required by the conductor to put him in the baggage-car; and on the arrival of the train at Elliott, the baggage-master demanding 25 cents for the carriage of the dog, which plaintiff refused to pay, the dog was carried on to Memphis and lost to him. The complaint contained a count in case, stating these facts, to which the defendant pleaded the general issue, and also three special pleas, each of which set up in defense a rule of the railroad company in reference to the carriage of dogs, in these words: "These companies do not desire to carry dogs and guns in baggage-cars, and on such will assume no rish or responsibility whatever. Parties who are willing to intrust their dogs and guns to train baggage-men, may do so; in which case, baggage-men will not collect fees in excess of the following: On dogs, for the first fifty miles or less, 25 cents. . . Owners of dogs, not willing to accept the above conditions, must be referred to the express company." The court sustained a demurrer to each of these special pleas, but the rule was offered in evidence on the trial, and was admitted without objection. The defendant's witnesses testified, without objection, that this rule was "posted and published in the stations and baggage-cars of the defendant, and in the baggage-car in which plaintiff's dog was carried;" while the plaintiff himself testified that his attention was not called to the rule, and that he had no knowledge or notice of it. The court charged the jury, on request, that they must find for the plaintiff on the second count, if they believed the evidence; to which charge the defendant excepted. The jury gave the plaintiff a verdict for $107.67. The charge of the court, and the ruling on the demurrers to the special pleas, are assigned as error.

HEWITT, WALKER & PORTER, for the appellant.—The defendant was not sued as a common carrier, and was not liable as a common carrier. The dog was neither freight nor baggage, and the defendant charged nothing for his carriage. Being under no obligation at all to carry the dag, the defendant might impose terms and conditions on which the carriage would be undertaken. The rule invoked by the defendant was reasonable, and the plaintiff was chargeable with notice of it, even if he did not have actual knowledge: it was his duty to make inquiry.—*Cantling v. Railroad Co.*, 54 Mo. 385; *Knox v. Rives,* 14 Ala. 257; *Sewall v. Allen,* 2 Wend. 327, and 6 Wend. 33 5; 11 Mo. 226; 16 Mo. 216; 20 Mo. 519; 18 Q. B. D. 129; 76 Ala. 497; *Halsey v. Brown,* 3 Day, 346; 25 Amer. & Eng. R. R. Cases, 380; Bishop on Non-contract

[Kansas City, Memphis & Birmingham Railroad Co. v. Higdon.]

Law, § 1157; 18 Amer. & Eng. R. R. Cases, 381; *Ib.* 316; 26 *Ib.* 489; 34 *Ib.* 290; 9 Wend. 361; *Wright v. C. C. Railroad Co.*, 20 Pac. Rep. 74.

CABANISS & WEAKLEY, *contra.*—(1.) A railroad company is liable for the unauthorized intentional tort of its agent or servant, when done within the range of his employment.—*Gilmer v. Railroad Co.*, 70 Ala., 269; 2 Wood's Railway Law, 1194. (2.) A traveller is not presumed to know the rules and regulations of the railroad, for, of necessity, they must be many, and intricate to the uninformed.—*Railroad Co. v. Huffman*, 76 Ala. 492; *Jones v. Railroad Co.*, 89 Ala. 379. (3.) On the undisputed facts, the defendant was liable to the plaintiff for the dog.—*Cantliny v. Railroad Co.*, 54 Mo. 385. (4.) The rule set up in defense of liability, if construed to absolve the railroad company of liability, would be unreasonable and void.—54 Mo. 385; *Railroad Co. v. Hopkins*, 41 Ala. 486; 3 Wood's Railway Law, 1525. (5.) If the defendant was only liable as a mandatory, it would be liable for a conversion of the bailment; and the refusal to deliver on demand was a conversion.—*Lay v. Lawson*, 23 Ala. 377; 2 Amer. & Eng. Encyc. Law, 56–8, notes. (6.) A common carrier may become a private carrier, or bailee for hire, when, as matter of accommodation, or by special engagement, he undertakes to carry something which it is not his business to carry.—*Railroad Co. v. Lockwood*, 17 Wallace, 377; 28 Am. & Eng. Railroad Cases, 380. (7.) If the demurrer to the special pleas was improperly sustained, the error worked no injury, and it is not ground of reversal.—*Mitcham v. Moore*, 73 Ala. 542; *Rice v. Drennen*, 75 Ala. 335; 84 Ala. 264.

WALKER, J.—The defendant had the benefit under pleas numbered 1 and 2 of the matters set up by the three special pleas, the demurrers to which were sustained. Such being the case, if there was error in sustaining the demurrers, it was error without injury to the defendant, and does not afford ground for a reversal of the judgment.—*Louisville & Nashville R. R. Co. v. Davis*, 91 Ala. 487.

The appellee was a passenger on the appellant's train from Birmingham to Elliott, a station on the appellant's line of road. When he boarded the train he went into a second-class car, carrying his dog along with him. When the conductor passed through the train, collecting tickets, he saw the dog, and then told the appellee that it was against the rules of the company to carry dogs on its passenger coaches, and that he would have to put the dog in the baggage-car. Thereupon

the appellee and a brakeman took the dog into the baggage-car, and delivered it to the baggage-master. The appellee testified, without contradiction, that he told the baggage-master to put the dog off at Elliott, and also that he told him he would not pay him any money for the dog. When the train arrived at Elliott, the baggage-master refused to deliver the dog, unless the appellee would pay him a fee of twenty-five cents. The appellee declining to make this payment, the dog was carried to Memphis, and was lost. The appellee afterwards offered to pay what was due on the dog, but did · not renew such offer after he was informed that the dog was lost. There is no evidence to show that when the appellee delivered the dog to the baggage-master, he had knowledge or notice of the rule under which the appellant seeks to relieve itself of responsibility. The conductor was acting within the apparent scope of his authority when he gave directions as to the disposition to be made of the dog. When the baggage-master received the dog, there was nothing to indicate that he was acting in his own behalf rather than as an employè of the appellant and for it. It does not appear that the appellee was in any way made to understand that in reference to the carriage and custody of the dog he was to look to the baggage-master individually, and not to the railroad company. He was not informed that the company was unwilling to transport the dog, or to become responsible for it. He was simply told to leave the dog in another part of the train, and with the person in charge of the baggage. He was not presumed to know the rules of the company as to the kinds of property it would receive for transportation. It does not even appear in this case that the rule relied on was posted in the depot, or in any other public place at the station where the appellee was received as a passenger. The rule itself shows that it was the duty of the defendant's employès to give notice to the owners of dogs of the conditions upon which they would be carried by the railroad company, and, if the owners were unwilling to accept such conditions, to refer them to the express company. In the present case, the conductor permitted the dog to remain on the train, and had it put in the baggage-car, and neither he nor the baggage-master intimated to the appellee that the company was unwilling to carry the dog, or to become responsible therefor. It affirmatively appears that the appellee did not know of the rule in question. He was entitled to rely upon and to follow the instructions given by the conductor.—*South & North Ala. R. R. Co. v. Huffman*, 76 Ala. 492; *Jones v. Cincinnati, Selma & Mobile R. R. Co.*, 89 Ala. 276; *Lake Shore & Michigan Southern R. Co.*

10

[Kansas City, Memphis & Birmingham Railroad Co. v. Higdon.]

*v. Rosenweig*, 26 Am. & Eng. R. Cas. 489. A rule of which the passenger has no notice, can not have effect to relieve the railroad company of responsibility for an article accepted for carriage by an employè who is intrusted with the duty of receiving and taking charge of goods delivered for transportation, and who accepts the article in question apparently in the course of his employment and on behalf of the principal. The conductor and the baggage-master could be treated by a person having dealings with the defendant as having all the ordinary powers incident to their respective positions, except so far as restrictions are imposed upon their authority which are known or ought to be known to the person dealing with them. In transacting the business intrusted to them, within the usual and ordinary scope of such business, they act within the extent of their authority; and the principal is bound, provided the party dealing with them acts in good faith and without notice of any restrictions or limitations upon their authority (*Wheeler v. McGuire*, 86 Ala. 398; *Louisville Coffin Co. v. Stokes*, 78 Ala. 372); and the principal is responsible for the act of the agent, when done within the apparent scope of his authority, though in violation of a rule or instruction of the principal, which was unknown to the person dealing with the agent:—*Gilliam v. South & North Ala. R. R. Co.*, 70 Ala. 268. In the present case, the baggage-master, when he received the dog, was engaged in the particular business with which he was intrusted by the defendant. The plaintiff was entitled to suppose that he was dealing with the defendant through its regularly accredited agent in that department of its business. If the defendant was unwilling to receive or to become responsible for the dog, the plaintiff should have been informed to this effect by the agent. No such information having been given, and the rule now set up being unknown to the plaintiff when his dog was received without objection, he was entitled to look to the defendant for its carriage and proper delivery. And as the dog was lost and was not accounted for, the defendant was liable on the undisputed facts shown by the evidence. The plain conclusion from the evidence is that the dog was lost in consequence of the negligence of the baggage-master; and, in the circumstances developed by the proof, the defendant could not shift the liability from itself to the baggage-master individually. *Cantling v. Hannibal & St. Jo. R. Co.*, 54 Mo. 385; *Minter v. Pacific R. Co.*, 41 Mo. 503; Bishop on Non-Contract Law, § 1157. The affirmative charge in favor of the plaintiff was properly given.

Affirmed.