[Richmond & Danville R. R. Co. v. Weems.]

# Richmond & Danville Railroad Co. *v.* Weems.

*Action by Employe for Injuries Caused by Defective Machinery.*

1. *Improper joinder of causes of action in one count* —On an action by an employe against a railroad company, a count which alleged by distinct averments that the injuries complained of were caused: First, by a defect in a derrick; Second, by the negligence of defendant's superintendent, who had charge of the derrick, and Third, by the negligence of a person in the employ of defendant to whose orders plaintiff was bound to, and did conform, is subject to demurrer for improper joinder of causes of action.

2. *Injury presumed for erroneous ruling on demurrer.*—Although in a trial on such count, the evidence on both sides showed that the only allegation relied on was the defective condition of the derrick, and the court charged the jury that there could be no recovery on the other grounds, the doctrine of error without injury does not apply.

3. *General charge not proper when there is a conflict in the evidence.* Where it is controverted whether a pin used in the operation of a derrick was of sufficient size and proper material for the use intended, such question is properly submitted to the jury.

4. *Charge based only on evidence of part of the witnesses improper.*—An instruction requested to the effect that if the jury believe the testimony of certain witnesses only, they should find for the defendant, is properly refused.

5. *Damages, pain and loss of time as elements of.*—Where it is shown that the injury complained of resulted in a broken leg, pain and inability to perform labor, it is improper to charge the jury that there is no proof of pecuniary loss to plaintiff.

6. *Oral charge of court construed as a whole.*—In a charge of the court consisting of several paragraphs, they must all be construed together, and when thus construed, they are a proper declaration of the law applicable to the whole testimony, such charge is not erroneous, though parts of it standing alone might be subject to criticism.

APPEAL from City Court of Birmingham.

Tried before Hon. W. W. WILKINSON.

Action by D. P. Weems against the Richmond & Danville Railroad Co., for injuries caused by defendant's negligence.

The complaint contained a single count in which the negligence is alleged, first, by reason of a defect in a derrick, part of the machinery of defendant; second, by reason of the negligence of the persons in the employ of defendant entrusted with the superintendence of the derrick; third, by reason of the negligence of a person in the service of de-

fendant to whose orders plaintiff was bound to conform and did conform, and said injuries resulted from his having so conformed. The defendant assigned as one of the grounds of demurrer, that several causes of action were united in one count, which demurrer was overruled by the court and the case was tried on the issue of "not guilty" and "contributory negligence."

The evidence for plaintiff tended to show that he was in the employ of defendant, engaged in raising a derrick preparatory to constructing a culvert, at the time he received the injury, which was caused by the breaking of a "gudgeon pin," and the main point of contention was whether this pin was too small for the purpose for which it was being used, some of the witnesses testifying that its size which was one and one-fourth inches in diameter, was not sufficient to give it requisite strength, but that it should have been one and a half inches in diameter, whilst others testified that it was sufficiently large. There was testimony that it should have been made of bar iron instead of steel. The plaintiff testified that his leg was broken by the accident, that he suffered great pain for over two months, that he was earning one dollar and a half per day at the time he was hurt, and had been unable to work ever since.

The entire oral charge of the court is set out in the record and the defendant excepted to the following portions thereof: (1.) "If it is machinery the servant is to use, the employer must give him reasonably safe machinery to use, and if the employer does not give him reasonably safe machinery, such machinery as a prudent man, conducting his business prudently, with a due regard for the safety of the men whom he employs, would give, why, then, that is negligence on the part of the company or employer." (2.) "But if the employer gives the employe such machinery as is reasonably safe, then he is not guilty of negligence." Also to the following clause in the sentence immediately following the sentence last above excepted to, viz: (3.) "But that it shall be reasonably safe." (4.) "If, from the evidence, you find that the pin was too small for that work and that it caused the accident, and that a pin of that size was not used by many well conducted businesses of like kind, under like circumstances, then you should find for the plaintiff, because the using of the pin of that size would be negligence on the part of the defendant." (5.) "But if you believe a pin, though larger, would have been better adapted to the work, and yet that this pin was reasonably safe for this work, why, then the defendant exercised reasonable care in providing a pin of that size."

The defendant excepted to the refusal of the court to give the following charges requested in writing. 1. "If the jury believe the evidence they must find for the defendant." 9. "There is no defect shown by the evidence in the condition of the derrick." 11. "If the jury believe the evidence of Kinney, St. Clair and Clark, they must find for the defendant." 17. "I charge you, gentlemen of the jury, that the Louisville & Nashville Railroad Company, the Alabama Great Southern Railroad Company and the Columbus & Western Railroad Company, the Georgia Railroad Company and the Ga. Pac. R'wy. Co. are "many" railroads as a proper standard by which to test the duty of this defendant in the selection and use of its machinery and appliances." 18. "There is no proof of permanent pecuniary loss to the plaintiff in this case."

JAMES WEATHERLY, for appellant, insisted that the demurrer should have been sustained, citing *H. A. & B. R. R. Co. v. Dusenberry*, 94 Ala. 413.

BOWMAN & HARSH, for appellee, insisted that if erroneous, the ruling on the demurrer was without injury, citing *L. & N. R. R. v. Trammell*, 9 So. Rep. 871; *R. R. v. Higdon*, 10 So. Rep. 282; *Capital City Co. v. Nat. Meter Co.*, 89 Ala. 401; and other authorities.

HEAD, J.—It is not denied that the ruling of the City Court upon the demurrers to the complaint was offensive to the principle declared by this court in *H. A. & B. R. R. Co. v. Dusenberry*, 94 Ala. 413, s. c. 10 So. Rep. 274. The complaint improperly sets forth, in one count, three of the separate causes of action defined by the Employers' Liability Act. It is insisted, however, that, upon the whole record, that ruling was error without injury, for the reason that the bill of exceptions contains all the evidence and the rulings and instructions of the court, on the trial before the jury, and there was no evidence introduced by either party, tending to support either of the causes of action set forth, except the single one counting on the defective condition of the derrick, constituting a part of the ways, works, machinery or plant of the defendant company; and that the court expressly and affirmatively instructed the jury, in its oral charge, that there could be no recovery by the plaintiff, unless by reason of the alleged defect in the derrick. We have carefully considered this question and have reached the conclusion that it would be an unjustifiable extension of the

doctrine of error without injury to hold that a defendant who has been unlawfully compelled to form issues with the plaintiff upon distinct and independent causes of action pleaded in one count, was not prejudiced thereby, because thereafter the plaintiff, on the trial, abandoned all but one of the causes of action alleged. We can not know that if the count had been legally framed so as to set forth one cause only, the defendant's pleas thereto would not have been different. It would be unsafe therefore to apply to a case like this the principle of error without injury. We will not extend the doctrine further than it is declared in *L. & N. R. R. Co. v. Trammell, Admr.*, 93 Ala. 350; *Manning v. Maroney*, 87 Ala. 563; *Water Co. v. Nat. Met Co.*, 89 Ala. 401; *K. C., M. & B. R. R. Co. v. Higdon*, 94 Ala. 286, s. c. 10 So. Rep. 282. The complaint was, in other respects, sufficient.

The plaintiff's injury was caused by the breaking of a gudgeon pin which fastened the arms of the derrick to the mast. The pin was a comparatively new one, made of steel, by the defendant's mechanic and was placed in the derrick by the foreman in charge. It was one and one-quarter inches in diameter. The controversy was whether the pin, as made and furnished, was of sufficient material and size for safe operation of the derrick. The evidence relied upon by the plaintiff tended to show that such a pin of such material and size was unsafe and unfit for the use intended, and that defendant was negligent in furnishing it. The evidence relied upon by the defendant tended to show to the contrary. The issue was clearly one for the jury, and the affirmative charge requested by the defendant was properly refused. So, also, were charges 9 and 11 requested by defendant.

The oral charge of the court is set out in full. Exceptions were reserved by defendant to isolated portions of it. The charge must be considered as a whole. If the parts excepted to, though subject to criticism, or positively erroneous, standing alone, are so explained or modified by the context as that the law is truly stated, there is no ground for reversal.—*Hawkins v. Hudson*, 45 Ala. 482; *A. G. S. R. R. Co. v. Hill*, 93 Ala. 514, s. c. 9 So. Rep. 722. We have carefully examined the charge and are of opinion that it fairly and fully sets forth the law applicable to the case.

Charges 17 and 18 are argumentative and invade the province of the jury and were properly refused.

We think there is no merit in any of the exceptions to testimony. The question to the witness, Kinney, whether or not he told Husen, the division-master, that the gudgeon pin was too small for the work it was sent there for, if not

proper for the purpose of showing that Husen had notice of the alleged defect, did the defendant no harm, since it was answered, if at all, in the negative. The witnesses, St. Clair and Clark, were shown, by abundant proof, to be experts in the construction and use of derricks, and were competent to give their experience and opinions in respect of the several matters about which they were interrogated. Whatever there was objectionable in their testimony, if anything, was ruled out by the City Court.

For the error in overruling the demurrers to the complaint, the judgment of the City Court is reversed and the cause remanded.

Reversed and remanded.

