# Dyer v. Pittsburg Bridge Company.

*Negligence—Master and servant—Suitable appliances.*

In an action to recover damages for personal injuries a verdict and judgment for the plaintiff will be sustained where the evidence tends to show that the accident was caused by the fact that the mast of a derrick had become so decayed and rotten that a gudgeon pin had become loose in its socket, resulting in the breaking of a bolt, and that the derrick had not been properly inspected.

Argued Oct. 25, 1900. Appeal, No. 96, Oct. T., 1900, by defendant, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1897, No. 149, on verdict for plaintiff in case of James Dyer v. The Pittsburg Bridge Company. Before McCOLLUM, C. J., MITCHELL, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Trespass for personal injuries. Before McCLUNG, J.

At the trial it appeared that plaintiff was injured on March 23, 1897, while he was working for the defendant in the construction of a bridge. At the time of the accident he was engaged in helping to move a truss weighing about 9,000 pounds, which was being raised by a derrick. Plaintiff's evidence tended to

show that the derrick had not been inspected, and that its mast had become so decayed and rotten at the top that the gudgeon pin had become loose, imposing a great strain upon the bolt which held it. The bolt broke and the derrick collapsed, resulting in serious personal injuries to plaintiff.

Defendant requested binding instructions in its favor. Such instructions were refused.

Verdict and judgment for plaintiff for $6,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Homer L. Castle*, with him *Stephen Stone*, for appellant, cited: Ross v. Walker, 139 Pa. 42; Sykes v. Packer, 99 Pa. 465; Bemisch v. Percival, 143 Pa. 1.

*Rody P. Marshall*, with him *Thomas M. Marshall*, for appellee, cited: McCombs v. Pittsburg, etc., Railway Company, 130 Pa. 182; Lehigh Coal Co. v. Hayes, 128 Pa. 294; Payne v. Reese, 100 Pa. 301; Hough v. Texas, etc., Ry. Co., 100 U. S. 213; Rapho v. Moore, 68 Pa. 404; Baker v. Allegheny Valley R. R. Co., 95 Pa. 211; Lewis v. Seifert, 116 Pa. 628; Brownfield v. Hughes, 128 Pa. 194; Prescott v. Ball Engine Co., 176 Pa. 458; Smith v. Hillside Coal & Iron Co., 186 Pa. 28.

Per Curiam, January 7, 1901:

No error was committed by the court in its refusal to direct the jury to render a verdict for the defendant. It was clearly within their province to determine from the evidence in the case whether the cause of the injury the plaintiff received was the negligence of the defendant, and if so whether the plaintiff's own negligence contributed thereto. That it was the plain duty of the defendant company to provide a proper place and suitable appliances for the performance of the work its employees were required to do must be conceded, and if the evidence disclosed an unwillingness of the company to provide such place and appliances, or having provided them, failed to maintain a proper supervision and care of them for the protection of their workmen, an inference of negligence would be the

natural and probable result arising from their noncompliance with a plain duty. The evidence relating to the matters above referred to was for the consideration of the jury under proper instructions from the court. The instructions presented every possible phase of the case to which the evidence was applicable and they were absolutely impartial. We therefore conclude that a proper result was reached by the verdict of the jury and that no adequate cause appears which warrants interference with the judgment entered thereon.

Judgment affirmed.