JAMISON, Adm'r, v. INDEPENDENT OIL & GAS CO. et al.

No. 19409.   Opinion Filed June 28, 1932.

Russell & McTighe, for plaintiff in error.

J. S. Ross and H. C. Thurman, for defendants in error.

SWINDALL, J. This is an action for wrongful death. The trial court sustained the separate demurrers of the defendants to the amended petition, and upon the plaintiff standing upon the amended petition, dismissed the action. The appeal is from the order sustaining the demurrers and from the order of dismissal.

The defendants quote the portions of the amended petition which have to do with

the question briefed, those portions being as follows:

"* * * That on the 30th day of October, 1925, in the course of their employment as aforesaid and while engaged in their duties thereunder the said Gill and the deceased were each driving a truck when the gasoline supply in the truck being driven by deceased became exhausted and it became necessary to tow said truck so driven by deceased behind the truck driven by said Gill; that thereupon said Gill and deceased did by means of chains attach the truck being driven by deceased to the rear axle or trailer of the truck being operated by Gill, and **were proceeding with said trucks to a point where gasoline might be obtained for the truck being operated by deceased and which manner of proceeding was the usual and customary method under the aforementioned circumstances**; that the front trucks of the automobile truck being operated by said Gill were coupled to the rear trucks or trailer thereof by means of a long three-inch pipe, known as a coupling pole, which was approximately twenty feet in length; that said coupling pole was attached to the front truck by means of a pin, known as a coupling pin, being placed through holes appropriately arranged in said front truck and through a hole through and near the end of said coupling pole; that said coupling pin was, of necessity, and to allow the free and proper operation of said automobile truck so being operated by said Gill, and as is usual and customary in like situations enough smaller than the holes through which it passed to allow free movement and avoid friction; that one end of said coupling pin was flattened out and was made large with shoulders or a head thereon so as to prevent same from passing through the hole; that near the other end was a hole through said coupling pin for the purpose of placing through said hole a cotter pin, which when placed in said coupling pin and adjusted would securely hold said coupling pin therein and prevent same from coming out, thus holding and securing firmly said coupling pole to the front trucks: that aforementioned manner of affixing and securing said coupling pin and coupling pole is the usual and customary manner of so doing.

"That while the said Gill and deceased were proceeding along as aforesaid the deceased was in the rear truck so being towed steering the same; that they were traveling at the rate of approximately fifteen miles per hour; that as they went along the front truck passed over a rough place in the road and said coupling pin was jolted out of its place and dropped to the ground leaving the coupling pole loose at the front end thereof; that, being loose, the front end of said coupling pole dropped to the ground and the weight and force of the rear truck or trailer coupled or attached to the same caused same to immediately anchor or become imbedded in the ground and thereby brought same to an instant stop; that as the front end of said coupling pole fell the rear end protruded upward and same became stationary; that the front end of the truck being driven by deceased was in close proximity to the rear end of said coupling pole on the front truck, and almost instantaneously and wtihout time for deceased to avoid the same and without fault on his part the rear end of said coupling pole from the front truck so protruding as aforesaid, struck and came in contact with the deceased, injuring him as hereinafter set forth.

"That it was the duty of the defendants to furnish and provide reasonably safe equipment with which to perform said labor and reasonably safe trucks with which so to do; that it was their duty to furnish trucks in which the coupling pole as aforesaid was firmly and securely fastened to the front trucks of said truck and in which the coupling pin was securely fastened by means of a cotter key or by some other means by which said coupling pin would be securely fastened in such manner as to prevent said coupling pin and coupling pole from falling or being thrown out of its place; but that the said defendants and each of them carelessly and negligently failed so to do in that the truck so furnished was defectively equipped and permitted to be operated by them without the coupling pole being securely fastened to the front trucks of said automobile truck, and in that the coupling pin at the time and place aforesaid was not equipped with a cotter key or other equipment or device to prevent said pin from coming out and in that the coupling pin was defective in that the same was not so secured, placed and equipped as to prevent its dropping, that the defendants knew or by the exercise of reasonable care should have known that said equipment was defective and out of repair as aforesaid, but that they carelessly and negligently failed to repair the same, and the said defendants carelessly and negligently failed to securely fasten and affix said coupling pole to said front trucks; and as the direct and proximate result of such negligence, the said automobile truck parted and collapsed and the front end of said coupling pole did drop and the rear end protrude upward and came in contact with deceased as aforesaid."

The brief of the defendants in error shoots wide of the mark. A reading of the amended petition indicates clearly that the coupling rod was not used to attach the motor truck of the deceased to the trailer of the truck driven by Gill; that the coupling rod was the means whereby the motor truck of Gill had been lengthened by the attachment of the trailer for use in hauling pipe and other long freight, and that it was behind this trailer and to this trailer

that the motor truck of the deceased was chained and towed.

The defendants in their brief say:

"Now we suggest that it would be manifestly absurd to say that anybody connected with the defendant company could foresee that it was probable that these two men would be out on the road in charge of these automobiles, and that one of them would get out of gasoline and then they would couple the rear car to the hind trailer of the other truck and would put the coupling pin into the coupling and proceed on down the road at fifteen miles an hour. * * *

"If he were in the habit of getting out of gasoline, he ought to have seen to it that a cotter pin was available. After he did get out of gasoline and did not have a cotter pin, he should have been resourceful enough to provide a substitute for the cotter pin."

They had before them not only the amended petition, but in addition they were specifically warned by the brief of the plaintiff in error that they had been under a misapprehension, the warning being in the following language:

"* * * Counsel for defendants likewise fell into the error of supposing that the cotter pin or key in question was only necessary when one truck was being towed behind the other. Not so at all; this trailer was a permanent part of the truck operated by Gill, and had the truck been properly equipped the cotter key or pin would have been in place at all times, and surely no man who is familiar with the purpose or necessity of a cotter key or pin in a coupling pin can by the widest range of the imagination suppose the deceased should have anticipated that there was no cotter key or pin in the coupling pin." pp. 28-29.

The defendants themselves pretty strongly assert that it would not be anticipated that one would just drop in the pin and drive off without inserting a cotter key or some other instrumentality. Their error was in getting an idea that the coupling rod was used in attaching the motor truck of the deceased to the trailer for towing. Instead of that, the coupling rod, the pin and a necessary cotter key or other instrumentality serving the same purpose were necessary integral parts of the lengthened motor truck being driven by Gill, and the lengthened truck was unsafe by reason of what the plaintiff alleged was the negligence of the master in failing to insert the cotter key or other instrumentality in the bottom of the pin to avoid the danger of the very thing that occurred, the jumping out of the pin, the disconnection of the trailer, and the consequent harm.

The amended petition alleged a prima facie cause of action which is good against a demurrer and requires an answer. Cases where machines have been rendered unsafe by reason of defective parts due to negligence of the master are: Citizens' Light, Heat & Power Co. v. Kendrick (Ala.) 60 So. 526; defective coupling pole. Houston v. Brush, 66 Vt. 331, 29 Atl. 380; pin holding wheel in tackle block of derrick worked loose. Dyer v. Pittsburg Bridge Co., 198 Pa. 182, 47 Alt. 979; gudgeon pin of derrick flew out by reason of breaking of bolt holding it in place. Scandell v. Columbia Const. Co., 64 N. Y. Supp. 232; iron strip hooked over a pin to hold clevises on slipped over top of pin and permitted clevises to go over top of pin and derrick boom to drop. Richmond & D. R. Co. v. Weems, 97 Ala. 270, 12 So. 186; gudgeon pin of derrick alleged to have been too small and to have broken. Union Bridge Co. v. Teehan, 92 Ill. App. 260; loose pin dropping out threw machine suddenly into gear, stripped cogs and caused a beam on which plaintiff was to fall to the ground. The Para, 56 Fed. 241; shackle holding block and lower pully was bent so that pin could not be screwed into circular band around derrick to hold shackle on mast to prevent block and pulley from falling.

The order of dismissal and the order sustaining the demurrers are held to be erroneous and the cause reversed, with instructions to the trial court to enter an order overruling the demurrers and proceed consistently with the views herein expressed.

HEFNER, CULLISON, McNEILL, and KORNEGAY, JJ., concur. ANDREWS, J., dissents. LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent.