9    409
110   631

HANRICK & POWELL v. THOMPSON.

1. A purchaser who buys a tract of land, pays the purchase money, and obtains a legal title without notice of an outstanding equitable title, will be protected in a Court of Chancery.

2. Where a party had an equitable title to one half of a tract of land, of which the line had not been run, and ascertained, and was not one of the

subdivisions of land known to the land office, a possession, to be notice, must cover the entire tract claimed.

Error to the Chancery Court at Montgomery.

THE bill was filed by the defendant in error, in which it is alledged, that he purchased the west half fractional section 13, township 14, range 22, from the Indian located on it, that the other half was purchased by one William Walker, since deceased, and that the plaintiff in error, Hanrick, is executor. That at the time of the purchase, it was agreed between Walker and himself, that the land should be equally divided between them, by running a line from north to south, which would give to each 285 acres. The purchase money paid by each, was equal in amount. That the line was run in accordance with the agreement; that complainant took possession of the west half, and proceeded to make improvements thereon up to the line. That at the time the purchase was made, the agreement concerning the division was fully explained to R. W. McHenry, the certifying agent for the sale of Indian reservations, and was by him immediately reduced to writing, and that he set down in figures, upon the margin of the deed executed by complainant, the whole number of acres in the fraction, equally divided between said Walker and complainant, and at the same time, made an entry in his book, kept for that purpose, opposite the name of each purchaser, and located the number of acres to which each was entitled being 285 acres.

That since the decease of Walker, Hanrick, as his executor, has sold to one N. B. Powell, the east half of said fractional section, and executed to him a deed for 320 acres, and that Hanrick and Powell, confederating together, have by some means procured a patent for the same, thereby leaving unto complainant only 250 acres; that complainant took possession in the lifetime of Walker, of the 285 acres, and has remained in quiet possession, until a suit was commenced by Powell to recover the land from him. The prayer of the bill, is for an injunction, and for a decree for the division of the land.

Hanrick, and Powell, by their answers, deny all fraud, and assert that they have no knowledge of the agreement set out

Hanrick & Powell v. Thompson.

in the bill, and do not believe that any such existed; that Hanrick, as executor, with power to sell, sold the land at public auction, and conveyed the same in good faith to Powell, without any knowledge of complainant's claim; that complainant was present at the sale, and did not set up his title. Admits that a patent issued to his testator for 320 acres.

Powell states that he purchased in good faith, for a valuable consideration, and without notice of complainant's claim, that he has paid the purchase money, and received a conveyance. Both defendants rely on the statute of frauds, and demur to the bill.

The testimony of McHenry has been taken. He states that there was an understanding between complainant and Walker, that the land was to be equally divided between them. At their request he made an equal division of the number of acres, and inserted it in the face, or at the bottom of each contract, or bond, and also made an entry of the same in his book of locations. The parties paid for an equal number of acres to the receiver, or Indians, and, as he believes, paid an equal amount of money. He knows, that the parties did agree to divide the land, and to take an equal number of acres.

The Chancellor, considering the agreement to divide the land established, and that if within the mischief of the statute of frauds, there was such a part performance, as to take the case out of the statute, decreed a partition according to the contract.

From this decree this writ is prosecuted.

PECK & CLARKE, for plaintiffs in error, contended—1. That the bill was destitute of equity.

2. That the contract was void under the statute of frauds, not being in writing, and signed by the parties. [Clay's Dig. 254; 16 Wend. 28, and cases there cited.

3. That Powell was a *bona fide* purchaser, without notice, for a valuable consideration, and therefore entitled to protection. [1 Story's Com. 59, 75, 398; 2 Id. 250, 502, § 1257; Id. 715, § 1502, 1508.]

BELSER, contra, cited 5 Porter, 246; 6 Id. 84; Story's Eq. Pl. 76, 372, 464.

ORMOND, J.—We shall not enter upon the inquiry, whether there was such a note, or memorandum in writing, as would satisfy the requirements of the statute of frauds, because, conceding such to be the fact, we think Powell is entitled to recover, upon the ground that he was a *bona fide* purchaser, without notice of the claim of the defendant in error, and therefore entitled to the protection of the court.

There is no ground for pretending, that either Hanrick, the executor of Walker, who had sold the land, or Powell the purchaser, had any notice of the claim set up by the defendant in error. They both expressly deny any such notice, and every fact from which such notice could be inferred.

It is alledged in the bill, that the complainant and Walker purchased jointly a fractional section, 570 acres, which they agreed to divide equally, by a line running east and west, giving to each 285 acres; that the line was run out, in accordance with the agreement; that he took possession of the west half, and proceeded to make improvements thereon, *up to the line*. The answers explicitly deny that any such line was run, or that any traces are to be found of such a line. The only proof is, that of the certifying agent, who states, that there was an understanding that the land was to be equally divided, between Walker and the complainant; that they paid for an equal number of acres, and at their request, he made an equal division of the number of acres, and inserted it in the face, or at the bottom of each contract, and also made an entry of the same in his book of locations. We do not understand from this testimony, that the witness made a survey, to ascertain where the line would run, which would divide the fractional section into two equal parts, and by visible marks, or otherwise, indicated where it was. The only fair, or reasonable interpretation is, that he merely made a calculation, a division as he accurately terms it, for the purpose of making an entry of the true amount, or number of acres, upon the contract, and in his book of locations, leaving the parties themselves to ascertain the position of the line, which would divide their respective tracts.

Such a line was necessary to be run, because the United States survey, divided the fractional sections into unequal portions, making the east half a complete half section of land, containing 320 acres, whilst the west half contained but 250 acres. If such a line had been run, as alledged in the bill, and the complainant had made improvements up to the line, such an actual occupancy of the land, would have been sufficient to put the purchaser upon inquiry. But there is no proof that such a line was run, or occupation in accordance with it. The facts, as they appear upon the record, are, that a patent issued to Walker for the east half of the section, calling for 320 acres; that Hanrick, his executor, advertised and sold the land to Powell, at public sale, who paid the purchase money, and obtained the title therefor, without notice of the claim of the complainant to a portion of the land, and without such a possession as would have put him upon inquiry, as to the character of the claim asserted in virtue of such possession. He is then, a purchaser for a valuable consideration, without notice of any adverse claim, having paid the purchase money, and completed his title, before receiving notice. He unites the legal title to an equity equal to that of the complainant, and has therefore a right to be protected in a court of equity. For authorities upon this well known rule of equity, see the cases cited upon the brief of the plaintiff in error.

From this view it follows, that the Chancellor erred in the decree rendered by him, which must be reversed, and a decree be here rendered dismissing the bill.