COLEMAN vs. HAIR.

1. When land is sold by the sheriff under execution, as the property of the defendant therein, which is at the time in the actual possession of another, claiming *bona fide* to hold it in his own right, whether by color of paper title or otherwise, the purchaser acquires only a right of property, connected with a right of possession, which can only be enforced by action at law, and can neither be sold nor asserted by force.

ERROR to the Circuit Court of Sumter.

Tried before the Hon. TURNER REAVIS.

TRESPASS TO TRY TITLES, by Coleman against Hair.

Saxon & Saxon (use of Myer) brought suit by attachment

against Horrisberger & Brother, in the Circuit Court of Sumter, on the 7th day of September, 1849, and afterwards recovered judgment. The writ of attachment was levied upon the *locus in quo*, 7th September, 1849.

Prior to the attachment, to-wit, in August and September, 1849, Horrisberger & Brother had made certain deeds in trust to Hair, as trustee, making provision for the payment of their creditors. Under and by virtue of these deeds, Hair, the trustee, made public sale, pursuant to the terms of the deeds in trust, of the trust property, and among other things the lot of land sued for, situate in the town of Livingston. At this sale, one Jackson bid off the lot, under these circumstances : Hair, the trustee, told him that the premises of Horrisberger & Brother were about to be sold, and to go up and buy them ; and that if he, Jackson, did not want them, that he, Hair, would take them off his hands at his bid. There was proof conducing to show that the sale was public, and fairly made in all other respects. Ustick, who was the auctioneer, testified to this effect. Jackson paid no money on his bid, which was twenty dollars, but received a deed for the lot from Hair, as trustee, and at the same time made a deed back to Hair for the same. The lot was worth about two hundred dollars. Jackson considered himself bidding for the accommodation of Hair, but felt that he had a perfect right to keep the land, if he wished to do so.

The deeds in trust from Horrisberger & Brother to Hair, trustee, contain provisions which, it is not denied, make the deeds fraudulent on their face.

After the recovery of judgment in the attachment suit of Saxon & Saxon, (use of Myer,) against Horrisberger & Bro., the land in controversy was sold by the sheriff of Sumter county, and purchased by Myer, on the 4th February, 1851, while Hair, the purchaser from Jackson, who purchased at the trust sale as aforesaid, was in possession of the premises, and was afterwards sold by Myer to Coleman, the plaintiff below, on the 4th July, 1851.

On this state of facts, the court charged the jury :

That the deeds in trust from Horrisberger & Brother to Hair were fraudulent on their face, and Hair could not, therefore, either directly or indirectly, derive a good title from

them; but, notwithstanding, if Hair, at the time of the conveyance by Myer to the plaintiff, was in the actual possession of the lots in controversy, under a fair sale, made in pursuance of the deeds in trust, and in good faith, openly and publicly, claimed the title to them, the plaintiff could not recover.

To this charge plaintiff excepted, and requested the court to charge:

That the deeds in trust being fraudulent on their face, if they believed the evidence of Jackson and Ustick, as to the mode in which the said Hair acquired title, the title of the defendant is not such as to prevent a recovery by plaintiff.

This charge the court refused, and plaintiff excepted.

The charge given, and the refusal to charge as requested, are assigned for error.

A. A. COLEMAN, for plaintiff in error.

R. H. SMITH, contra.

PHELAN, J.—It is not important to consider, in this case, whether, admitting that the deeds in trust, under which he derives title, are fraudulent on their face, Hair's possession of the land in controversy is adverse in respect to Myer, the purchaser at the sheriff's sale, or such as can ripen by lapse of time into a good title against him.

Whether this be so or not, it is clear, beyond dispute, that the possession acquired by Hair under his purchase from Jackson, who purchased at the trust sale, if acquired *bona fide*, is such a possession as cannot be taken away by strong hand, without the commission of a trespass; in other words, it cannot lawfully be taken away, except by suit.

The sheriff could lawfully sell under the levy of the attachment, and the judgment consequent upon it; and the purchaser, if there was no one in possession, or only a mere trespasser, would acquire the right to go and take possession, or, if resisted by a mere trespasser setting up no claim, might vindicate that possession by force.

But if, at the time of the sale by the sheriff, there was any one in possession, claiming *bona fide* to hold in his own right, whether by color of paper title or otherwise, the sale of the

sheriff could not affect that possession, but would convey a right of property only, connected with a right of possession, which could only become possession itself by means of an action at law. In such a juncture, the law will allow neither a sale of this right, nor the assertion of it by strong hand. The first would lead to maintenance, and the last to violence and breach of the peace.

For authorities in support of the foregoing rules of law, see Dexter v. Nelson, 6 Ala. 68; Abercrombie v. Baldwin, 15 Ala. 363; Pryor v. Butler, 9 Ala. 409; Herbert v. Hanrick, 16 Ala. 581.

Tried by these rules, the charge of the court below was proper, and the charge asked by plaintiff was properly refused.

Let the judgment below be affirmed.