Coleman v. Barklew.

DANIEL B. COLEMAN *vs.* VINCENT BARKLEW et al.

1. Where, by reason of a deed not being recorded within fifteen days from the time it is delivered, a third party acquires title to the premises by deed, mortgage, or judgment, the documentary evidence of the title so acquired will entitle the party to recover possession of the premises, unless the party claiming under the first deed can show that the other party had notice of his deed. In such case, the burthen of proof is upon the party claiming under the first deed.

2. Recitals in a deed do not operate upon a person neither a party nor privy to it.

3. It is not necessary that it should be a positive or express notice—an implied notice may be sufficient. Possession by the first grantee may be constructive notice of the existence of a prior unregistered deed; but such possession must be actual and distinct, and be manifested by such acts of ownership as would naturally be observed and known by others.

4. Where land upon which there are no buildings is used for pasture by the grantee and others, it is not such visible, notorious, and exclusive possession of the grantee as amounts to constructive notice of ownership.

An action of ejectment was brought, in the Somerset Circuit Court, by Daniel B. Coleman against Vincent Barklew and Charles Stines, to recover possession of a lot of land in the village of Kingston. The cause was tried at the Somerset circuit, and the jury rendered a verdict

Coleman v. Barklew.

for the defendants. The plaintiff obtained a rule to show cause why the verdict should not be set aside, and a new trial granted; and the case was certified to this court for an advisory opinion.

The facts sufficiently appear in the opinion delivered in this court.

Argued at November Term, 1858, before the CHIEF JUSTICE, and Justices VREDENBURGH and WHELPLEY.

*G. H. Brown*, for plaintiff.

*Frelinghuysen*, for defendants.

The opinion of the court was delivered by

The CHIEF JUSTICE. The plaintiff claims title to the premises in dispute under a deed from the sheriff of Somerset, dated July 6th, 1855. The sheriff's sale was made by virtue of executions issued out of the Supreme Court, upon a judgment recovered against James Higgins on the 18th of January, 1855. The defendant, Barklew, claimed title under a deed to him from the said James Higgins, dated August 21st, 1854, acknowledged 25th September, 1854, and recorded February 27th, 1855.

The defendant's deed was not recorded within fifteen days after its delivery, nor until after the entry of the judgment under which the plaintiff claims title. The statute declares that every deed or conveyance shall be void and of no effect against a subsequent judgment creditor or *bona fide* purchaser, or mortgagee for a valuable consideration, not having notice thereof, unless such deed shall be acknowledged, or proved and recorded, or lodged for that purpose with the clerk, &c., within fifteen days after the time of signing, sealing and delivering the same. *Nix. Dig.* 124, § 18.

By the terms of the statute, the defendant's deed, not having been recorded within fifteen days from its delivery,

was void and of no effect against the lien of the judgment, unless the judgment creditor had notice thereof. Upon the face of the documentary title the plaintiff is entitled to recover, unless the defendant establishes the fact of notice. The burthen of proof is upon him. No actual or express notice is alleged or pretended.

No recital or statement in the deed from James Higgins to Jediah Higgins, though on record prior to the entry of judgment, can raise a presumption of notice. Recitals in a deed cannot operate upon a person neither a party nor a privy to it. *Griggs* v. *Smith*, 7 *Halst.* 22; 2 *White & Tudor's Leading Cases in Eq.* 153, note.

The only question is, whether the possession of the premises by the defendant operated as a constructive notice of his title to the judgment creditor. It is well settled under the registry acts, that implied notice may be equally effective with direct and positive notice, and that possession by the grantee is, or may be constructive notice of the existence of a prior unregistered deed. But the possession must be actual, distinct, and unequivocal. It must, moreover, be visible, and manifested by notorious acts of ownership, such as would naturally be observed and known by others. *Holmes* v. *Stout*, 3 *Green's Ch.* 492; *S. C. in error*, 2 *Stockt.* 419; 4 *Kent's Com.* 171–2; *McMechan* v. *Griffing*, 3 *Pick.* 149; *Butler* v. *Stevens*, 26 *Maine* 484; *Powell* v. *Thompson*, 9 *Ala.* 409; 2 *White & T. Leading Cases in Eq.* 151, (*Am. ed.*) note.

It appears, by the case, that the premises in question consist of a lot of two and a-half acres, in the village of Kingston. There are no buildings upon it. In July, 1854, it was mowed by Crissman, a son-in-law of Higgins, the defendant in execution, under whom both parties claim. After it was mowed it was used as a pasture lot. Barklew, the defendant, turned into the lot to pasture a pair of oxen and a pair of horses, owned by himself and one Shotwell, and also a horse owned by himself. Crissman also pastured a cow there. This occupation was continued

at intervals, as long as pasture lasted. It ceased in November. This was the extent of Barklew's possession. He made no improvement upon the land, did nothing to indicate his ownership, except that once, in the language of the witness, "he fixed up the fence along the road." From November, until after the entry of the judgment in February, there was no visible occupancy or possession of the property.

This was not the visible, notorious, exclusive possession required by the law to operate as constructive notice of the defendant's prior title, or to charge the defendant with a constructive fraud. It was, at best, a mixed, and not an exclusive possession. It was not distinct and unequivocal, nor was it sufficient to indicate the person claiming title. Had the judgment creditor, or any *bona fide* purchaser or mortgagee of the premises, at the time of the rendry of the judgment looked for evidence of a transfer of title to these premises, where would he have found it? The defendant's deed was not on record. The lot itself was then unoccupied, and had been since the November previous. In July it had been mowed by the son-in-law of Higgins, the defendant in execution. It had subsequently been pastured by his cattle, in common with the cattle of Barklew, the defendant, and of Barklew or Shotwell. Higgins and Barklew both lived in or near the village where the lot was situate. The lot had no connection with the premises of either party. Neither had the actual *pedis possessio*. At that time there was no visible possession of the lot, or improvement upon it, which could have indicated that the title had passed from Higgins, in whom, by the public records, it appeared to be vested—nothing even to put the creditor or purchaser upon inquiry. Nor was there anything in the previous temporary mixed occupancy which could have indicated a change of title from Higgins to Barklew.

It is not insisted that there must be an actual *pedis possessio* at the time of entering the judgment in order to

constitute notice of a previous unregistered deed. There may, it is conceded, be an actual possession by the use and cultivation of land, without building and residence upon it. Thus when the grantee planted willows upon the land, which he cut and used every year in his business as a basket-maker, his possession was deemed sufficiently actual and notorious to supply a failure to register his deed. *Krider* v. *Lafferty*, 1 *Whart*. 303.

But no case, it is believed, has gone the length of holding that a temporary occasional pasturing of cattle, in common with others, upon a town lot, was notice of the existence of title to the lot in the owner of the cattle—sufficient even to put the party on inquiry in reference to the existence of unregistered deeds. Upon such a rule no title could safely be taken for a town lot without inquiring whose cattle had pastured upon it the year before. To permit such circumstances to operate as notice to the prejudice of a subsequent purchaser, mortgagee, or judgment creditor, must seriously impair the value of the registry acts, and the security of titles acquired under them.

Nor is the defendant entitled to any straining of the principles of law for his protection. If he suffers any prejudice, it is occasioned by his own laches and negligence in not recording his title, as required by law.

Assuming all the facts stated by the defendants' witnesses to be fully proved, there was no evidence of such possession in Barklew as amounted to notice, or which warranted the jury in so finding. I think the court, upon the trial, would have been fully warranted in so instructing the jury.

But admitting that the question of notice was properly submitted to the jury, the verdict is clearly against the weight of evidence.

The verdict should be set aside, and a new trial granted.