Baker v. Russell.

---

# BAKER *vs.* RUSSELL.

[MOTION AGAINST SHERIFF, FOR FAILURE TO MAKE MONEY ON FI. FA.]

1. *Construction of bill of exceptions, as to charge on effect of testimony.*—A recital in the bill of exceptions, that after the plaintiff's attorney had closed his argument, "the defendant's counsel was proceeding to argue the case, when he was interrupted by the court, and informed that he should charge the jury, if they believed the evidence, that the land was subject to levy and sale under the plaintiff's execution, and that the defendant, as sheriff, was liable in not making the levy; *and in fact did so*,"—affirmatively shows that the charge was given by the court *ex mero motu*, in violation of section 2274 of the Code. (A. J. WALKER, C. J., *dissenting.*)

Baker v. Russell.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. ROBERT DOUGHERTY.

THIS was a motion by William M. Russell, against Richard P. Baker, as the sheriff of said county, for a failure to make the money on an execution, when by due diligence it might have been made. The execution was for one hundred and ten 20-100 dollars, besides costs; was founded on a judgment, which said Russell had recovered in said circuit court, on the 28th March, 1860, against one William G. Woods; was issued on the 11th April, 1860, and went into the hands of said Baker, who was then the sheriff of the county, on the 28th April, 1860; and was by him returned, on the 10th August, 1860, endorsed "No property found." The motion was continued, from term to term, until the May term, 1866, when an issue was formed between the parties, under the direction of the court, and submitted to a jury; and on the trial of the issue, the following bill of exceptions was reserved by the defendant:

"The plaintiff introduced one Nobles as a witness, who testified, that said William G. Woods, the defendant in execution, had in his possession, at the time plaintiff's said execution was in the hands of said sheriff, a tract of land in said county, containing one hundred acres, and worth five or six dollars per acre; also, that said tract of land once belonged to him, (said witness,) and was sold by him to said Woods in 1856, or 1857, for five or six hundred dollars; that said defendant paid him one hundred dollars in cash, and gave him a note on one Huguley, for about two hundred and fifty dollars. Said witness further testified, on cross examination, that he made a deed for said land to said W. G. Woods; that some short time afterwards, at the request of said Woods, he took back that deed, and destroyed it, and made another deed, exactly like it, except that it was made to the wife of said Woods, instead of Woods himself. When asked who paid the last part of the purchase-money, the witness explained, that he did not recollect exactly who paid it—whether the said Woods or his wife—that it was paid among them. It was proved, also, that said Woods and his wife were married in Georgia, in

1846; that he was an intemperate and improvident man; that his wife was an industrious, frugal woman, and made money; that said Woods, and his wife and son, would some times make crops of cotton on said land; that said Woods some times got his share of it, and some times did not." The deed to Mrs. Woods, which was read in evidence, was dated the twentieth day of March, 1857, and recited as its consideration the present payment of eight hundred dollars by her. Evidence was also introduced, showing the value of the personal property on the place while said execution was in the sheriff's hands. "After one of the counsel for the plaintiff in the motion had closed his argument, the defendant's counsel was proceeding to argue the case, when he was interrupted by the court, and informed that he should charge the jury, if they believed the evidence, that the land was subject to levy and sale under the plaintiff's execution, and that the sheriff was liable in not making the levy, and in fact did so; to which charge the defendant, by his counsel, excepted. The personal property was neither passed on by the jury, nor adverted to by the court; but the whole case went off on the charge of the court, above alluded to, concerning the land. On the above charge being made, the attorneys on both sides agreed, that the entry should be, 'Jury and verdict for the plaintiff,' as shown in the judgment, with leave to the defendant to reserve an exception to said charge."

The charge of the court is now assigned as error.

LEWIS & PHILIPS, for appellant.
G. D. & G. W. HOOPER, contra.

A. J. WALKER, C. J.—The bill of exceptions informs us, that "after one of the counsel for the plaintiff in the motion had closed his argument, the defendant's counsel was proceeding to argue the case, when he was interrupted by the court, and informed that he should charge the jury, if they believed the evidence, that the land was subject to levy and sale under the plaintiff's execution, and that the sheriff was liable in not making the levy, and in fact did

so; to which charge the defendant excepted." The majority of the court think, that the extract from the bill of exceptions above set out affirmatively shows that the charge on the effect of the testimony was given by the court *mero motu*, and that the judge was not required by either of the parties to give it; and that, therefore, the court must be held to have violated that part of section 2274 of the Code which prohibits the court to "charge upon the effect of the testimony, unless required to do so by one of the parties."

In my opinion, the extract from the bill of exceptions affirms neither the one way nor the other, as to whether the charge was required; and it is our duty to presume, in the absence of evidence to the contrary, that the court acted lawfully, and did not give the charge unasked. I think the judgment of the court below ought to be affirmed, upon two grounds—1st, that the bill of exceptions does not purport to set out all the evidence, and we must presume that the evidence justified the charge; and, 2d, that if the evidence is all set out, the charge was correct, on the authority of *Gimon v. Davis*, (36 Ala. 589,) which holds, that the mere destruction of a deed does not divest the title of the grantee; and of *Long v. McDougald*, (23 Ala. 413,) and *Coleman v. Hair*, (22 Ala. 596,) which show that the adverse possession of land, as against the defendant in execution, is no legal reason why it should not be levied on and sold. The majority of the court think it unnecessary to pass upon the merits of the case, because all the evidence does not appear to be set out.

In accordance with the opinion of a majority of the court, the judgment is reversed, and the cause remanded.