# Crawford *v.* McLeod.

### *Action on Open Account.*

1. *Account; proof of.*—An account is not self-proving ; and its mere production by the plaintiff, without any evidence tending to prove its correctness, does not entitle him to a verdict.

2. *Release ; when not admission of indebtedness.*—A release of "all actions and rights of action," given by plaintiff to defendant, for valuable consideration, after suit brought, is not an admission of indebtedness at the commencement of the suit ; it may be simply a purchase of his peace by defendant, such as any man may lawfully make, without admitting any indebtedness thereby.

3. *Charge on effect of evidence.*—A general charge on the effect of the evidence, unless given on request (Code, § 3028), is cause of reversal.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS.

This action was brought by Angus McLeod, against Thomas J. Crawford, and was commenced before a justice of the peace, on the 1st March, 1878. The cause of action, as described in the summons issued by the justice, was $31.50, "due by an unsettled division of crop raised in joint partnership with defendant during the year 1877, with interest thereon." The justice rendered judgment against the defendant, for $4.40, besides costs ; and the defendant then removed the case, by appeal, into the City Court, where, as the judgment entry recites, the cause was submitted to a jury, on issue joined ; and the jury, under the instructions of the court, returned a verdict for the plaintiff, assessing his damages at one cent. "On the trial," as the bill of exceptions recites, "the defendant offered in evidence a release,

which was read to the jury without objection," in these words : "For and in consideration of five dollars to me in hand paid, I hereby release all actions and rights of actions against Thomas J. Crawford, October 24, 1878 ;" which was signed by Angus McLeod, with seal annexed. "This was all the evidence in the case. The court charged the jury, *ex mero motu,* that the plaintiff was entitled to recover nominal damages, if they believed the evidence, and they would so find." The defendant excepted to this charge, and he here assigns it as error.

THOS. M. ARRINGTON, for appellant.

STONE, J.—The plaintiff's claim consisted of an account, and is not, in its nature, self-proving. Until some testimony was produced, tending to prove its correctness, the plaintiff showed no right to a recovery, and it was not necessary for the defendant to offer any evidence in defense. He was entitled to a verdict, because the plaintiff had shown no cause of action against him. We do not think there is, in the release of "all actions and rights of actions," given by McLeod after this suit was brought, and copied in the record, any admission that Crawford owed McLeod any thing when this suit was brought. It may have been simply a purchase of his peace by Crawford ; a purchase which all men have a right to make, or offer to make, without admitting any indebtedness thereby.

The City Court erred in two aspects : first, in charging on the effect of the evidence, without being thereto requested ; and, second, in ruling that, under the evidence, the plaintiff was entitled to recover nominal damages.

Reversed and remanded.