# Postal Telegraph Company v. Brantley.

*Action to Recover Penalty for Wilfully and Knowingly Cutting Trees.*

1. *Unrecorded deed inadmissible to prove ownership without proof of execution.*—Under Code 1886 § 1798, providing that a conveyance duly acknowledged and recorded within 12 months shall be admissible without further proof, a deed not recorded within a year of its execution is not admissible to prove ownership, or color of title, without evidence of possession and claim of title under the deed.

2. *Unrecorded deed admissible without proof of execution to show extent of adverse possession.*—A deed not recorded within twelve months pursuant to Code § 1798 is admissible, without proof of its execution, when accompanied with proof that the grantee held possession and claimed title under it, to show the boundaries of the posesssion claimed under it.

3. *Declarations of one assuming to act as agent not admissible to prove agency.*—Declarations of one assuming to act as the agent of another are not binding on the latter without independent proof of the agency.

4. *Charge on the effect of testimony.*—Under Code 1886 § 2754, providing that the court shall not charge on the effect of the testimony unless required to do so by one of the parties, it is error to charge that plaintiff was the owner of certain land when that is one of the disputed questions of the case.

5. *Charge assuming credibility of the testimony.*—When a question of fact is involved, dependent on oral testimony, the credibility of the evidence must be referred to the jury, and a charge assuming its credibility is erroneous, though the testimony is clear and undisputed.

6. *General charge for the defendant.*—Where in an action to recover the statutory penalty for wilfully and knowingly cutting trees from the lands of plaintiff, the testimony failed to show that the trees were cut by the defendant before the commencement of the suit, the

[Postal Telegraph Company v. Brantley.]

general charge for the defendant should, at his request, have been given.

7. *Master liable for tortious acts of servant, within scope of employment though in disobedience of orders.*—A master is liable for the malicious and tortious acts of his servant, done in the scope and within the course of his employment, even though the master did not authorize or ratify them and even though they were in express disobedience of his orders.

8. *Same; case at bar.*—A telegraph company is liable for the tortious acts of its servants in cutting trees on the land of another to make a way for a telegraph line, though done in disobedience of orders.

APPEAL from the Circuit Court of Washington.

Tried before the Hon. JAMES T. JONES.

This was an action brought on September 8, 1893, by the appellee, James S. Brantley, against the appellant, the Postal Telegraph Cable Company, to recover the statutory penalty for wilfully and knowingly cutting certain trees from the lands of the plaintiff. The defendant pleaded the general issue, and by special plea that its agents, employés and servants were not authorized to do the acts complained of in the complaint. Issue was joined upon these pleas.

The plaintiff on being introduced as a witness, testified that the lands described in the complaint formerly belonged to his mother; and he thereupon offered in evidence a deed from R. B. Starke and Sarah Starke to his mother, purporting to convey the lands described in the complaint, and also 30 additional acres. This deed was dated April 27, 1869. It was not witnessed, but was acknowledged, but it was neither stamped nor recorded. The defendant objected to the introduction in evidence of this deed, on the ground that it was not self-proving. The bill of exceptions recites that "counsel for plaintiff did not insist upon the introduction of said deed, but attempted to prove title by adverse possession. The court, of its own motion, asked how long the deed had been executed, and upon ascertaining the date of its execution said that it would allow the plaintiff to introduce the same as color of title without further proof. It was thereupon introduced by the plaintiff to show color of title, and to the action of the court allowing such introduction of said instrument, the defendant excepted." The plaintiff, as a witness, further testified that his mother died in 1879 leaving two sons; that his brother died in 1883

intestate and without issue; that after his mother's death
he and his brother occupied and claimed the land as
theirs, and since his brother's death he had been in the
actual, open, notorious and continuous possession of the
same, claiming it against all the world.   The plaintiff
further testified to facts tending to show acts of owner-
ship and possession of the property described in the com-
plaint.   He further testified that he did not give the de-
fendant permission to cut the trees and saplings as
charged in the complaint; that he did not see any one
cut the timber, but a day or two before he had seen a
squad of hands cutting down trees along the public road
near his place, and asked them whose line it was they
were constructing.   Witness was then asked what reply
he received to this inquiry.   The defendant objected to
this question, because it called for irrelevant and imma-
terial matters, and for hear-say and incompetent evi-
dence, and because the defendant was not bound by the
declarations of the persons making them.   The court
overruled this objection, and the defendant duly except-
ed.   The witness answered;   "That a negro workman
of said squad replied 'Postal Telegraph Company.'"
Thereupon the defendant moved the court to exclude
this answer upon the same grounds upon which the ob-
jection to the question was based, and duly excepted to
the court's overruling its objection.

The plaintiff introduced another witness, who testified
that he had counted the number of trees cut, and stated
the result of such count.   This was all the evidence in-
troduced.

The following portions of the court's oral charge to
the jury, which are numbered for convenience of refer-
ence, were separately excepted to by the defendant, when
given.   (1.) "The plaintiff must show that he is the
owner of the land described in the complaint.   The court
charges you that he is the owner of the land.   He has
made out his title."   (2.) "And the plaintiff proves that
he has had the lands in adverse possession for 24 years."
There were other portions of the court's oral charge,
which were excepted to, and the defendant separately
excepted to the court's refusal to give each of the several
written charges requested by it; but it is unnecessary to
set out in detail such other portions of the court's oral
charge, and the several charges asked by the defendant.

There was judgment for the plaintiff, and the defendant appeals, assigning as error the rulings of the trial court upon the evidence, and the refusal and the giving of the several charges by the court.

GREGORY L. & H. T. SMITH, for the appellant.

J. R. & CHAS. W. TOMPKINS, for the appellee.

HEAD, J.—The deed offered in evidence by plaintiff to prove his ownership of the land on which the trees were cut was not admissible, taken by itself, without proof of its execution. Though acknowledged by the grantors, it had not been recorded within one year, and hence did not fall within the terms of the statute permitting such instruments to be received in evidence without further proof.—Code of 1886, § 1798. The bill of exceptions recites that the court below allowed the plaintiff to introduce the deed, against defendant's objection, "to show color of title." There would have been no error in this ruling if the plaintiff had offered other evidence along with the deed that the grantee therein, who was plaintiff's mother, had actually held possession and claimed title under it. We so decided in *Alabama State Land Co. v. Kyle*, 99 Ala. 474. The deed is admissible under such circumstances, without proof of its execution, to show the boundaries of the possession claimed. It serves to demonstrate the limits and extent of the adverse possession. But without such supplementary proof of possession and claim under it, the deed itself should not have been received.

There being no testimony whatever going to show the agency of the parties of whom plaintiff inquired what line it was, the reply of one of them, that it was the "Postal Telegraph Company," was not binding on the defendant, even if the declaration had been otherwise competent. The court erred in allowing such declaration to be proven.—*Postal Telegraph Cable Co. v. LeNoir*, decided at present term ; (*ante*, page 640.)

Section 2754 of the Code of 1886 expressly provides that the court "shall not charge upon the effect of the testimony unless required to do so by one of the parties." It was highly improper, therefore, and a gross invasion of the province of the jury for the court to tell them, in

its general charge, that the plaintiff was the owner of the land and that he had made out his title. That was one of the disputed questions of the case, and it was for the jury to say whether it had been proven to their reasonable satisfaction. A general charge on the effect of the evidence, unless given on request, is cause of reversal.—*Crawford v. McLeod*, 64 Ala. 240; *Baker v. Russell*, 41 Ala. 279. When a question of fact is involved, dependent on oral testimony, the credibility of the evidence must be referred to the jury, and a charge assuming the credibility of the testimony is erroneous, though it is clear and undisputed.—1 Brick. Dig. 336, § 8; 3 Brick. Dig. 110, § 55.

For the same reason it was not within the province of the court to say to the jury, "the plaintiff proves that he has had the land in adverse possession for twenty-four years." Besides, even the jury would not have been justified in coming to any such conclusion, for the plaintiff did not claim to have had the land in his possession for more than fourteen years. There were other similar errors in the court's general charge to the jury, but it would probably serve no useful purpose to point them out in detail. It is not likely that they will be repeated on another trial.

If there was any evidence, or a want of it, to justify the various written charges requested by the defendant, except those presently to be stated, it is not disclosed by the record. They were abstract and were, therefore, properly refused. There was an entire lack of evidence, however, connecting the defendant with the cutting of the trees, and it is not shown that they were cut before the bringing of the suit. Hence the general charge should have been given, as requested by defendant, and also the charge reading as follows: "Before the jury could (can) find for the plaintiff they must be satisfied from the evidence that the trees and saplings alleged to have been cut were cut before the commencement of this suit."

Some of the written charges requested by the defendant assert in substance, that if the trees were cut by defendant's agents or servants in disobedience of instructions given them, not to cut any trees on the land of any person without his consent, the defendant would not be liable. As the proposition is insisted on here by appel-

[*Ex parte* Charleston.]

lant's counsel and as the same question may be raised on another trial, we deem it proper to say that, whatever may have been their instructions, if defendant's servants did the acts complained of, in the course and within the scope of their employment, defendant would be responsible therefor. The rule is now well settled that the master is liable for the malicious and tortious acts of his servants, done in the scope and within the course of his employment, even though the master did not authorize or ratify them and even though they were in express disobedience of the master's orders.—*Gilliam v. S. & N. Ala. R. R. Co.* 70 Ala. 268; *L. & N. R. R. Co. v. Whitman*, 79 Ala. 328; *Ala. Great Southern R. R. Co. v. Frazier*, 93 Ala. 45, s. c. 30 Am. St. Rep. 28; *K. C. M. & B. R. R. Co. v. Higdon*, 94 Ala. 290; 14 Am. & Eng. Ency. of Law, 815; *Ritchie v. Waller*, 27 L. R. A. 161 and note.

It follows, therefore, that if the trees in question were cut down by defendant's servants or agents to make a way for the telegraph line, which they were engaged in constructing for the defendant, then defendant would be liable, if the other conditions necessary to support the action were found to exist. See *Postal Telegraph Cable Co. v. LeNoir*, *supra*.

It is not necessary to notice the other exceptions reserved as what we have already said will probably be a sufficient guide for another trial.

For the errors pointed out, the judgment is reversed and the cause remanded.